**Paul F. Condzal**
Attorney for Plaintiff
Office & P.O. Address
**1330 Avenue of the Americas, 23rd Floor**
**New York, New York 10019**
**(212) 688-3637**
**paul@condzal-law.com**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
ARGENTUM RISK PARTNERS LLC,               Civ. Action No. 19-cv-01622  (OTW)

                                                    Plaintiff,

                        -against-

BRAD SCHAEFFER,                                                           :
                                        Defendant.
-------------------------------------------------------------X

PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff Argentum Risk Partners LLC, by its attorney Paul F. Condzal**,** as and for its

First Amended Complaint alleges, upon information and belief, as follows:

**Nature of the Action**

1.      Plaintiff seeks to enjoin ex-employee defendant from utilizing its proprietary

information and trade secrets and to recover damages based upon his breach of a certain

Intellectual Property, Confidentiality, and Non-Compete Agreement and breach of other

New York common law employment duties and obligations.

2.      Plaintiff and defendant executed the Intellectual Property, Confidentiality,

and Non-Compete Agreement during the term of defendant's employment.

3.      During  the  defendant's  one-year  employment  tenure  with  plaintiff   his

performance was repeatedly noted as unsatisfactory and defendant spent considerable time working on his own literary and other outside projects related only to his own self-interest during business hours.

4.    After repeated warnings from plaintiff about his unsatisfactory work performance, all of which were acknowledged by defendant and agreed to be true an accurate in their respective assessments, plaintiff terminated the defendant for cause.

5.    Despite executing the Intellectual Property, Confidentiality, and Non-Compete Agreement that contained various representations and warranties by the defendant regarding the plaintiff's business information, defendant absconded with plaintiff's trade secrets and is currently and wrongly profiting or planning to profit from them in the natural gas market place where this information is not generally know and will provide defendant with a considerable competitive edge.

6.    Plaintiff brings the instant action for a temporary and permanent injunction, breach of contract, misappropriation of trade secrets, breach of good duty and fair dealing, breach of fiduciary duty, salary disgorgement, unjust enrichment and other related causes of action.

**Parties**

7.    Plaintiff Argentum Risk Partners LLC (hereinafter as "Argentum" and/or "plaintiff") at all times hereinafter mentioned, was and still is Delaware limited liability company authorized to do business in the state of New York and maintains its principal

2

place of business in New York City.

8.      At all times hereinafter mentioned, defendant Brad Schaeffer was and is an individual, (hereinafter as "Schaeffer" and/or "defendant") and maintains his principal place of residence at 614 Fairmont Avenue, Westfield, New Jersey 07090.

## Jurisdiction and Venue

9.      Pursuant to the terms of the Intellectual Property, Confidentiality, and Non-Compete Agreement, the jurisdiction for any action arising under its terms is to be brought in the County of New York.

10.      This action is one over which this Court has original diversity jurisdiction under 28 U.S.C. § 1332(a). It is removable to this Court pursuant to 28 U.S.C. §§1441(a) and 1441(b) because the matter in controversy exceeds $75,000, exclusive of interest and costs, and because the Action is one between citizens of different states. See 28 U.S.C. § 1332(a)(1).

11.      This action was originally commenced in the Supreme Court of the State of New York, County of New York on January 14, 2019 and was removed by the defendant to this court on February 21, 2019.

## FACTS COMMON TO ALL CAUSES OF ACTION

12..      Argentum Risk Partners LLC is a start up trading company founded in 2017

3

by Lawrence May ("May") who previously had many years of successful and diverse

trading experience in different financial markets, including but not limited natural gas.

13.     Prior to starting Argentum, May had devoted significant time, research and

resources over several years and developed information including but not limited to a

formulas, patterns, devices and or compilations of information not otherwise known or

utilized in the marketplace. Argentum used these trading patterns and practices in certain

financial markets, specifically natural gas, as the basis for Argentum's business , which

provided an opportunity for Argentum to have an advantage over its competitors.

14.     By way of general background, natural gas is playing a larger role in the

energy industry. Once a byproduct of oil production, natural gas is now used in a variety of

ways, from residential uses to industrial, to electricity generation. Natural gas cars are now a

reality, with around 10.7 million natural gas vehicles worldwide as of 2010. It is the cleanest

burning fossil fuel and economically friendly, contributing to about 25% of the United

States' energy use, so it is serving as an alternative to other fossil fuels with attendant

potential profitability.

15.     Basis swaps are used to hedge exposure to basis risk, such as locational risk

or time-exposure risk. For example, a natural gas basis swap could be used to hedge a

locational price risk: the seller receives from the buyer a Nymex division settlement value

(usually the average of the last three days' closing prices) plus a negotiated fixed basis, and

pays the buyer the published index value of gas sold at a specified location.

4

16.     Argentum devoted substantial time and resources to refining and developing the trading practices, algorithms and systems originally developed by May. These techniques were based upon years of May's market research and experience and otherwise not generally available to or known by the public as they were specifically collected and curated by Argentum. Due to the very limited volume in this market it is therefore highly competitive trading platform. Argentum's trading practices provided a competitive edge in this marketplace.

17.     Argentum's  employees who utilized Argentum trade secrets were required to and did execute substantially similar non-disclosure agreements.

18.     At all relevant times, Argentum's proprietary information was strictly maintained as confidential and systems were in force and effect to protect it as such and Argentum otherwise took precautions and actions to maintain the confidentiality of these trade secrets.

19.     Prior to Schaeffer's association and employment with Argentum, he had been a broker/salesman for the prior twenty-three years without any professional trading experience let alone trading in natural gas.

20.     Schaeffer generated approximately eight hundred thousand ($800,000.00) dollars in one year pursuant to an agreed upon compensation package while utilizing Argentum's proprietary information and trade algorithms. As such, all of Schaeffer's trading success and revenues in the natural gas market was based solely on Argentum's

proprietary trade models.

21.    Schaeffer's position at Argentum was agreed to be a full time obligation that required him to be in the office regular business hours Monday through Friday during which time he was to devote all of his attention and time to Argentum business, including but not limited to, trading natural gas.

22.    Argentum and Schaeffer also agreed that from time to time Schaeffer would be assigned  other projects that were to be performed in addition to trading natural gas which were intended to provide Schaeffer with additional experience and information to increase his value as an employee.

23.    In exchange for Schaeffer's services and performance, Argentum agreed to pay Schaeffer a salary with benefits, which included health insurance while at the same time Schaeffer agreed to contribute to Argentum's overhead, which included certain bask office and risk management services, from the commissions he earned.

**Agreed Upon Terms of the Non Compete and Non Disclosure Agreement**

24.    The terms of the Intellectual Property, Confidentiality, and Non-Compete Agreement (the "Agreement") that was signed by and agreed to by Schaeffer stated: Employee acknowledges that he or she has performed and may continue to perform work for Argentum in a manner that creates a relationship of confidence and trust and Employee will obtain Confidential Information (defined below) with regard to the business of Argentum and its clients or customers.

6

25.    The Agreement also stated that: Employee acknowledges that all Intellectual Property and any rights associated with such Intellectual Property are and will be owned by Argentum.

26.    The Agreement also stated that:   Employee acknowledges that during Employee's employment with Argentum Employee will have access to information that, in the hands of a competitor, could irreparably damage Argentum.

27.    The Agreement defined "Confidential Information" as secret or confidential information relating to Argentum, its affiliates, and customers or clients and their affiliates, and their respective businesses, including, but not limited to, information of a commercial nature (e.g., trading and selling strategies, natural gas strategies, prompt month contracts, nearby months, markets, market and product research and plans, markets, products, services, consultant, sales and profit figures, pricing plans, financial and other business information), information of a technical nature (e.g., methods, know-how, processes, and computer models and programs, developments, inventions, processes, formulas, technology, designs, drawings, engineering), and information of a strategic nature (e.g., business methods, operating procedures or programs, future developments or strategies pertaining to research and development, marketing and sales techniques or other matters concerning Argentum's planning, marketing and sales techniques, strategies and programs, distribution

methods and systems), disclosed to or known by Employee as a consequence of or through his employment with Argentum.

28.    The Agreement also stated that: Schaeffer understood, acknowledged, and agreed that due to the unique nature of the services he rendered to Argentum, due to the secret and valuable nature of the confidential information, and further because Argentum's success largely depends on its ability to claim sole ownership of the Intellectual Property which includes "basis swaps", a breach of the provisions of this Agreement could not be adequately compensated in damages.

.29.    The Agreement also stated that: "Competition" means utilizing in any way shape or manner Argentum's confidential information or intellectual property so that the Employee might profit or create profit for others, or in any way whatsoever that does not create a profit for the Employee or others.

30.    The Agreement also stated that:  during Employee's engagement by Argentum and thereafter, Employee will hold in a fiduciary capacity for the benefit of Argentum and its affiliates, and not for his or her own benefit or disclosure to third parties, all Confidential Information.

31.    The Agreement also stated that: "Employee understands, acknowledges, and agrees that due to the unique nature of Employee's services being rendered to Argentum, due to the secret and valuable nature of the Confidential Information, and further because Argentum's success largely depends on its ability to claim sole ownership

8

of the Intellectual Property, a breach of the provisions of this Agreement could not be adequately compensated in damages. Therefore, Employee agrees that in the event of a breach or threatened breach of any provision of this Agreement by Employee, Argentum will be entitled, in addition to any other right or remedy available to it by law or pursuant to this Agreement, to seek an immediate injunction temporarily, preliminarily, and permanently restraining such breach or threatened breach.

32.    The Agreement further provided that for three (3) years thereafter (the "Restricted Period"), Schaeffer will not engage in any acts of Competition.

33.    That at all relevant times Schaeffer was aware of the Agreement and of the fact that Argentum required its execution as a condition of employment.

34.    Those at all relevant times Schaeffer agreed to execute the Agreement as a condition of his term of employment and did in fact sign the Agreement in or about March 2018.

35.    That at the time Schaeffer signed the Agreement, he had already generated approximately six hundred thousand ($600,000.00) dollars in income for himself utilizing Argentum's proprietary models.

36.    That after signing the Agreement and prior to termination, Schaeffer generated an additional two hundred thousand ($200,000.00) dollars in income for himself utilizing Argentum's proprietary models.

**Schaeffer's Termination for Cause**

37.     Schaeffer's employment with Argentum was "at will" and there was no obligation to justify the explanation for the termination, which was for entirely legal reasons.

38.      Schaeffer was provided several warnings about his performance from May over the last several months prior to his termination for cause.

39.     Schaeffer's own emails admit and acknowledge receipt and understanding these warnings about the deficiency of his performance.

40.     An email from Schaeffer dated July 9th 2018 acknowledged and admitted to his termination for cause and stated:

> **I'm also taking a hiatus from writing, and quitting the band, and working on my marriage, to clear my head.  I was spread too thin.   Larry, I had a bad few months.**

41.     An email from Schaeffer dated July 16th, 2018 stated:

> **Can't we just work together again?  I've learned my lesson.**

42.     As referenced in the first email above, Schaeffer was in fact working on his own personal writing projects, which included a recently published novel during working hours at Argentum rather than working to increase his knowledge of Excel (the primary tool at Argentum) or learning more about the Natural Gas market in order to increase profitability among other tasks and duties with which he was assigned.

**Schaeffer Attempts to Solicit Employment Utilizing
Argentum's Trade Secrets**

43.    That, soon after Schaeffer's employment with Argentum was  terminated in early July 2018,, in direct and intentional violation of the Agreement, he began to solicit employment opportunities based upon his utilization of Argentum business models.

44.    In or about July 2018 after his termination, Schaeffer solicited employment using the promise of exploiting the trading practices regarding Natural Gas markets he obtained from  Argentum in blatant violation of the terms of the Agreement.

> 12:15:25 pm Bradley Schaeffer Meh.  I had a good year.  But may have had a falling out with Larry.  So I might be on my own.  (Long story.  More about personality than $$)
>
> 12:15:35 pm Bradley Schaeffer Just hope I've learned enough
>
> 12:17:44 pm Bradley Schaeffer I may look to hook up with a trading outfit.
>
> 12:17:45 pm kort_p yeah thats great
>
> 12:17:51 pm Bradley Schaeffer I have a lot to add now.

45.    That when Schaeffer stated "I may look to hook up with a trading outfit…" and "I have a lot to add now" he was specifically referencing the information he obtained wile employed at Argentum which was protected and subject to the express terms of the Agreement.  The word "now" clearly confirms that Schaeffer did not have anything to add before he came to work for Argentum, as his prior work experience in any trading capacity was fleeting and unsuccessful.

46.    That, upon information and belief, Schaeffer is intending, planning, and

threatening and/or is currently while in association with and or employed with a trading enterprise utilizing Argentum's confidential and proprietary information protected and subject to the express terms of the Agreement in violation of the express terms of the Agreement.

47.    That, upon information and belief, Schaeffer is intending, planning, and threatening and/or is currently personally utilizing Argentum's confidential and proprietary information protected and subject to the express terms of the Agreement in violation of the express terms of the Agreement.

## AS AND FOR A FIRST CAUSE OF ACTION
(Preliminary and Permanent Injunction)

48.    Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "47" as if each and every allegation was repeated herein.

49.    That the Agreement agreed to and executed by Schaeffer specifically stated:

**Employee understands, acknowledges, and agrees that due to the unique nature of Employee's services being rendered to ARGENTUM, due to the secret and valuable nature of the Confidential Information, and further because ARGENTUM's success largely depends on its ability to claim sole ownership of the Intellectual Property, a breach of the provisions of this Agreement could not be adequately compensated in damages. Therefore, Employee agrees that in the event of a breach or threatened breach of any provision of this Agreement by Employee, ARGENTUM will be entitled, in addition to any other right or remedy available to it by law or pursuant to this Agreement, to seek an immediate injunction temporarily, preliminarily, and permanently restraining such breach or threatened breach…**

50.    That, upon information and belief, Schaeffer is intending, planning, and

threatening and/or is currently while in association with and or employed with a trading enterprise utilizing Argentum's confidential and proprietary information that include methods and techniques protected and subject to the express terms of the Agreement in violation of the express terms of the Agreement.

51.    That, upon information and belief, Schaeffer is intending, planning, and threatening and/or is currently personally utilizing Argentum's confidential and proprietary information that include methods and techniques protected and subject to the express terms of the Agreement in violation of the express terms of the Agreement.

52.    That the plaintiff has a likelihood of ultimate success on the merits; the prospect of irreparable injury if the provisional and permanent relief is withheld; and a balance of equities is in the plaintiff's favor and plaintiff has no other adequate remedy at law.

53.    Plaintiff should be granted a temporary and permanent injunction against defendant enjoining him from violating the terms of the Agreement.

## AS AND FOR A SECOND CAUSE OF ACTION
(Breach of Contract)

54.    Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "53" as if each and every allegation was repeated herein.

55.    Schaeffer's position at Argentum was agreed to be a full time obligation that

required him to be in the office Monday through Friday during business hours during which time he was to devote all of his attention to Argentum business, including but not limited to, trading natural gas.

56.    From time to time while at Argentum, Schaeffer also received other assignments and projects, that were to be performed in addition to trading natural gas, that were intended to provide Schaeffer with additional experience and information to increase his value as an employee.

57.    In exchange for Schaeffer's services and performance, Argentum agreed to pay Schaeffer a salary with benefits, which included health insurance.

58.    While utilizing Argentum's proprietary information and trade algorithms, Schaeffer generated approximately eight hundred thousand ($800,000.00) dollars in one year pursuant to an agreed upon compensation package. As such, all of Schaeffer's trading success in the natural gas market was based solely on Argentum's proprietary trade models.

59.    That as part of his employment terms and conditions, Schaeffer agreed to and did execute the Agreement.

60.    That Argentum performed each and every obligation on its part to be performed.

61.    That Schaeffer breached the terms of the Agreement by failing to perform

14

as required and by failing to maintain and protect Argentum's proprietary information as set forth therein.

62.     That as a direct and proximate cause of Schaeffer's breaches, plaintiff has been damaged in an amount to be determined at trial but not less than the sum of $3,000,000.

## AS AND FOR A THIRD CAUSE OF ACTION
(Breach of Implied covenant of Good Faith and Fair Dealing)

63.     Plaintiff repeats and reallages each and every allegation contained in paragraphs "1" through "62" as if each and every allegation was repeated herein.

64.     Schaeffer's position at Argentum was agreed to be a full time obligation that required him to be in the office Monday through Friday during business hours during which time he was to devote all of his attention to Argentum business, including but not limited to, trading natural gas.

65.     From time to time while at Argentum, Schaeffer also received other assignments and projects, that were to be performed in addition to trading natural gas, that were intended to provide Schaeffer with additional experience and information to increase his value as an employee.

66.     In exchange for Schaeffer's services and performance, Argentum agreed to pay Schaeffer a salary with benefits, which included health insurance.

15

67.    While utilizing Argentum's proprietary information and trade algorithms, Schaeffer generated approximately eight hundred thousand ($800,000.00) dollars in one year pursuant to an agreed upon compensation package. As such, all of Schaeffer's trading success in the natural gas market was based solely on Argentum's proprietary trade models.

68.    That by failing to perform as required and by absconding with, or intending to abscond with, plaintiff's proprietary information which was all protected by and subject to the Agreement, defendant acted in a manner that, to deprive the plaintiff of the right to receive the benefits under their agreement.

69.    That the defendant's implied promise to act in good faith in this regard is not contrary to any express provision in the Agreement.

70.    That as a direct and proximate cause of Schaeffer's breaches, plaintiff has been damaged in an  amount to be determined at trial but not less than the sum of $3,000,000.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Breach of Fiduciary Duty)

71.    Plaintiff repeats and reallages each and every allegation contained in paragraphs "1" through "70" as if each and every allegation was repeated herein.

72.    That defendant's employment created a trust or confidence reposed by

16

plaintiff in his integrity and fidelity and thereby created a special relationship of fiduciary obligations.

73. That the Agreement further provided that after Schaeffer's engagement by Argentum concluded the he would hold in a fiduciary capacity for the benefit of Argentum and its affiliates, and not for his or her own benefit or disclosure to third parties, all confidential information.

74.    That defendant committed various acts of misconduct including but not limited to violating the terms of his employment agreement and the Agreement and was otherwise self dealing and with personal interest conflicts by working on personal projects while he was supposed to be exclusively conducting Argentum business.

75.    That by absconding with, or intending to abscond with, plaintiff's proprietary information which was all protected by and subject to the Agreement, defendant acted in a manner that, to deprive the plaintiff of the right to receive the benefits under their Agreement.

76.    That as a direct and proximate cause of Schaeffer's breaches, plaintiff has been damaged in an amount to be determined at trial but not less than the sum of $3,000,000.

.

## AS AND FOR A FIFTH CAUSE OF ACTION
(Unfair Competition)

77.  Plaintiff repeats and reallages each and every allegation contained in paragraphs "1" through "76" as if each and every allegation was repeated herein.

78.  That by absconding with, or intending to abscond with, plaintiff's proprietary information which was all protected by and subject to the Agreement, defendant acted in a manner to deprive the plaintiff of the right to receive the benefits under their Agreement.

79.  That defendant misappropriated the fruits of plaintiff's labor by obtaining access to plaintiff's ideas through fraud or deception, and/or the abuse of a fiduciary or confidential relationship as exemplified by the express terms of the Agreement.

80.  That, upon information and belief, Schaeffer is intending, planning, and threatening and/or is currently while in association with and or employed with a trading enterprise utilizing Argentum's confidential and proprietary information that include methods and techniques protected and subject to the express terms of the Agreement in violation of the express terms of the Agreement.

81.  That, upon information and belief, Schaeffer is intending, planning, and threatening and/or is currently personally utilizing Argentum's confidential and proprietary information that include methods and techniques protected and subject to the

18

express terms of the Agreement in violation of the express terms of the Agreement.

82.    That as a direct and proximate cause of Schaeffer's breaches, plaintiff has been damaged in an  amount to be determined at trial but not less than the sum of $3,000,000.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (Promissory Estoppel)

83.    Plaintiff repeats and reallages each and every allegation contained in paragraphs "1" through "82" as if each and every allegation was repeated herein.

84.    That by entering into the Agreement as part of his employment with Argentum, defendant made a clear and unambiguous promise to preserve and protect and not exploit for his own personal post-employment gain Argentum's proprietary information.

85.    That plaintiff reasonably and foreseeably relied upon the defendant's promises in this regard.

86.    That as a direct and proximate cause of Schaeffer's breaches, plaintiff has been damaged in an amount to be determined at trial but not less than the sum of $3,000,000.

## AS AND FOR A SIXTH CAUSE OF ACTION
(Unjust Enrichment)

87.    Plaintiff repeats and reallages each and every allegation contained in paragraphs "1" through "86" as if each and every allegation was repeated herein.

88.    Defendant has benefitted form the income he has received and the proprietary information with which he is wrongfully absconded.

89.    That the benefits received were at the plaintiff's expense.

90.    That defendant has gained from the fruits of plaintiff's labor by obtaining access to plaintiff's ideas as exemplified by the express terms of the Agreement without any expenditure to do so.

91.    That the benefits received were at the plaintiff's expense.

92.    That equity and good conscience require restitution to plaintiff from defendant.

93.    That as a direct and proximate cause of Schaeffer's breaches, defendant has been unjustly enriched in an amount to be determined at trial but not less than the sum of $3,000,000.

**WHEREFORE**, it is respectfully demanded that the plaintiff receive the following relief from the defendant:

(a)    On the First Cause of Action in an amount to be determined at trial but not less than the sum of $3,000,000;

(b)    On the Second Cause of Action in an amount to be determined at trial but not less than the sum of $3,000,000;

(c)    On the Third Cause of Action in an amount to be determined at trial but not less than the sum of $3,000,000;

(d)    On the Fourth Cause of Action in an amount to be determined at trial but not less than the sum of $3,000,000;

(e)    On the Fifth Cause of Action in an amount to be determined at trial but not less the sum of $3,000,000;

(f)    On the Sixth Cause of Action in an amount to be determined at trial but not less than the sum of $3,000,000;

(g)    Together with the costs and disbursements of this action;

(h)    Together with the reasonable attorney's fees and expenses associated with this action; and

(i)    Such further and different relief deemed just by this Court.

Dated:    New York, New York
          July 18, 2019

                    Yours, etc.

                    /s/ *Paul F. Condzal*
                    **Paul F. Condzal (PC-4976)**
                    Attorney for Plaintiff
                    Office & P.O. Address
                    **1330 Avenue of the Americas, 23rd Floor**
                    **New York, New York 10019**
                    **(212) 688-3637**
                    **paul@condzal-law.com**

21