UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
ARGENTUM RISK PARTNERS LLC,                Civ. Action No. 19-cv-01622  (OTW)

                Plaintiff,

     -against-


BRAD SCHAEFFER,

                Defendant.
---------------------------------------------------------------X

**NOTICE OF MOTION**
**TO FILE A SECOND AMENDED COMPLAINT**

PLEASE TAKE NOTICE that, upon the accompanying Memorandum of Law, Declaration in Support and Exhibits attached thereto, all dated June 11, 2020, Plaintiff moves this Court, before the Honorable Ona T. Wang, at the United States Courthouse, 500 Pearl Street, Court Room 20D, New York, New York, 10007 for an Order granting Plaintiff's Motion to file a Second Amended Complaint under Federal Rule of Civil Procedure 15(a).

Dated: New York, New York
        June 11, 2020

                                  Respectfully submitted,

                                  *Paul F. Condzal*
                                  Paul F. Condzal (PC-4976)

                                  **Paul F. Condzal**
                                  Attorney for Plaintiff
                                  Office & P.O. Address
                                  **1330 Avenue of the Americas, 23rd Floor**
                                  **New York, New York 10019**
                                  **(212) 688-3637**
                                  *paul@condzal-law.com*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
ARGENTUM RISK PARTNERS LLC,              Civ. Action No. 19-cv-01622  (OTW)

                                      Plaintiff,

             -against-


BRAD SCHAEFFER,

                                     Defendant.
----------------------------------------------------------------X


**MEMORANDUM OF LAW
IN SUPPORT OF PLAINTIFF'S MOTION TO
FILE A SECOND AMENDED  COMPLAINT**




**Paul F. Condzal**
Attorney for Plaintiff
Office & P.O. Address
**1330 Avenue of the Americas, 23rd Floor
New York, New York 10019
(212) 688-3637**
*paul@condzal-law.com*

# **TABLE OF CONTENTS**

Page

Preliminary Statement…………………………………………………………………..1

Relevant Background…………………………………………………………………...3

Argument………………………………………………………………………………4

    I.       Allowing amendment will serve the interests of justice by allowing Plaintiff to pursue relief based on new facts learned in discovery……………………………5

    II.      Allowing amendment will not unduly prejudice Defendants…………………….9

Conclusion……………………………………………………………………………..10

## **TABLE OF CASES**

*Cases*                                                                                                                                              *Page*

*Am. Med. Ass'n v. United Healthcare Corp.*,
 No. 00CIV2800LMM, 2006 WL 3833440, at *4 (S.D.N.Y. Dec. 29, 2006)……………..…..6

*A.V. by Versace, Inc. v.Gianni Versace S.p.A.*,
87 F. Supp. 2d 281, 299 (S.D.N.Y. 2000)………………………………………………9, 10

*Block v. First Blood Assocs.*,
988 F.2d 344, 350 (2d Cir. 1993)……………………………………………………….…..5

*Brown v. Kelly*,
244 F.R.D. 222, 227 (S.D.N.Y. 2007), 609 F.3d 467 (2d Cir. 2010)……………….....…..…4

*In re United Brands Co. Sec. Litig.*,
 No. 85 CIV. 5445 (JFK), 1990 WL 16164, at *2 (S.D.N.Y. Feb. 15, 1990)…………...….…5

*iSentium, LLC v. Bloomberg Fin. L.P.*,
17-cv-7601 (PKC), at *5 (S.D.N.Y. Nov. 16, 2018)……………………...…………………8

*Foman v. Davis,*
371 U.S. 178, 182 (1962)………………………………………………………………...…5

*Friedl v. City of New York*,
210 F.3d 79, 87 (2d Cir. 2000)……………………………………….………………….…5

*Linkco, Inc. v. Fujitsu Ltd.*,
230 F. Supp. 2d 492, 500 (S.D.N.Y. 2002)…………………………………………….......8

*Ricciuti v. N.Y.C. Transit Auth.*,
941 F.2d 119, 123 (2d Cir. 1991)………………………………………………………....5

*Saratoga Vichy Spring Co., Inc. v. Lehman*,
625 F.2d 1037, 1044 (2d Cir. 1980)……………………………………………………...9

*Schroeder v. Pinterest Inc.*,
133 A.D.3d 12, 27 (1st Dep't 2015)……………………………………………………...8

*S.E.C. v. DCI Telecommunications, Inc.*,
207 F.R.D. 32, 33–34 (S.D.N.Y. 2002)…………………………………………………..6

*Sigmund v. Martinez*,
No. 06 CIV. 1043 RWS MHD, 2006 WL 2016263, at *1 (S.D.N.Y. July 13, 2006)…………….5

## **TABLE OF CASES** *(cont.)*

Page

*Soroof Trading Dev. Co. v. GE Microgen, Inc.*,
283 F.R.D. 142, 149 (S.D.N.Y. 2012)……………………………………………………….6

*U.S. for & on Behalf of Mar. Admin. v. Cont'l Illinois Nat. Bank & Tr. Co. of Chicago*,
889 F.2d 1248, 1255 (2d Cir. 1989)……………………………………………….....…10

*Rules*

Federal Rule of Civil Procedure 15(a)……………………………………………………... *passim*

Plaintiff Argentum Risk Partners LLC, ("Argentum") by its attorney, Paul F. Condzal, respectfully submits this Memorandum of Law together with the annexed Declaration and Exhibits in support of its motion to file a Second Amended Complaint pursuant to Second Amended Complaint under Federal Rule of Civil Procedure 15(a).

## PRELIMINARY STATEMENT

Plaintiff Argentum Risk Partners LLC ("Argentum") in this lawsuit seeks to enjoin ex-employee defendant Brad Schaeffer ("Schaeffer") from utilizing its proprietary information and trade secrets and to recover damages against both defendants based upon Schaeffer's breach of a certain Intellectual Property, Confidentiality, and Non-Competition Agreement (the "NDA Agreement") and breach of other New York common law employment duties and obligations. Argentum's business model is based upon trading in the Natural Gas Futures market utilizing its proprietary methods, formulas, algorithms, and specifically the Argentum Application.

After digesting and analyzing thousands of pages of trading records that were produced from a third party Advantage Futures LLC ("Advantage Futures") pursuant to a subpoena duces tecum in late February of this year, Argentum uncovered certain previously unknown facts that necessitate the inclusion of an additional party B.P. Schaeffer Holdings LLC ("Schaeffer Holdings") as a defendant in this action together with two additional related additional causes of action against defendant Schaeffer. These documents have confirmed that since Schaeffer's termination for cause in July 2018, he and Schaeffer Holdings have been systematically and relentlessly exploiting the Argentum's Application, for their own profit.

Documents produced by Advantage Futures and Schaeffer's own responses to interrogatories reveal that within days after his termination for cause, in complete contravention of all the terms of the NDA Agreement, Schaeffer formed Schaeffer Holdings as a New Jersey

1

limited liability company through which to conduct his Natural Gas Futures trading utilizing Argentum's trade secrets.

Specifically, the daily trading records produced by Advantage Futures in late February 2020 evidence that Schaeffer and Schaeffer Holdings have both effectively been trading Natural Gas Futures utilizing and profiting from Argentum's proprietary information that includes the Argentum Application. As such, Schaeffer Holdings is a necessary party and should be added as a defendant in this lawsuit.

Argentum has already disclosed the mathematical and economic detail of its proprietary Application in confidential interrogatory responses that also included detailed examples of its utilization. Argentum's trading in Natural Gas Futures is far from generic and provides Argentum with a competitive edge in a limited marketplace. Schaeffer agreed to all terms of the NDA Agreement but nonetheless has intentionally and systematically breached them all. Schaeffer was free to earn a livelihood from vast and assorted other trading activities but instead chose to specifically replicate and utilize the highly specialized and niche Argentum's Application literally within days of his termination to date without abatement. Time and again Schaeffer's own email communications with Argentum during his employment admit the uniqueness and profitability of the Argentum Application.

Schaeffer cannot reasonably be heard to argue that the Proposed Second Amended Complaint does not serve the interests of justice or would create any undue prejudice in view of the facts and procedural posture of this litigation especially when depositions have not yet occurred.

Rule 15 provides for liberal leave to amend, and none of the circumstances that would prevent amendment such as undue prejudice or excessive delay are present here.

The Court should grant Plaintiff's motion to amend.

## **RELEVANT BACKGROUND**

On October 3, 2019, Argentum sent counsel for Schaeffer and Schaeffer Holdings a litigation hold letter after it was disclosed in interrogatory responses the day before that Schaeffer was using this entity as a trading vehicle although the extent and nature of the Natural Gas Futures trading activities was not disclosed or known at this time.

On October 22, 2019, Argentum sent counsel for Schaeffer Holdings a subpoena duces tecum for the production of certain Schaeffer and Schaeffer Holdings trading records.

On November 25, 2019, counsel for Schaeffer Holdings responded to Argentum's subpoena duces tecum and objected to each and every request and did not produce any of the requested documents.

On December 10, 2019, Argentum sent a subpoena duces tecum for the production of certain Schaeffer and Schaeffer Holdings daily trading records to the clearance firm Advantage Futures in Chicago Illinois.

On December 13, 2019, Schaeffer produced 61 pages in his "Initial Production of Documents" that included documents previously filed in the New York Supreme Court action *Brad Schaeffer against Lawrence May* index no. 160798/2018, assorted communications between counsel, and not a single requested trading record.

On December 24, 2019, Schaeffer finally made a 14,384-page production of documents that was later analyzed and revealed did not include any of the requested and relevant trading records as noted in Argentum's letter to Schaeffer's counsel dated January 3, 2020.

On January 14, 2020, Advantage Futures provided an initial document production in response to Argentum's subpoena.

3

On February 24, 2020, Advantage Futures finally provided additional documents in response to Argentum's subpoena, that included certain daily trading statements necessary analyze Schaeffer's and Schaeffer Holding's Natural Gas Futures trading activities.

On March 31, 2020, counsel filed a joint letter requesting certain extensions of time for the completion of fact and other discovery due to COVID-19 related issues.

On April 1, 2020, Your Honor extended all fact discovery until July 29, 2020.

On April 6, 2020, Argentum via email requested Schaeffer's counsel that the parties stipulate to allow Argentum to serve and file a Second Amended Complaint to, among other issues, add Schaeffer Holdings as a defendant.

On April 7, 2020, Shaeffer's counsel via email responded and stated that he would like to review the anticipated Second Amended Complaint before agreeing to any such stipulation.

On April 23, 2020, Argentum via email provided a copy of the anticipated Second Amended Complaint to Schaeffer's counsel.

On April 27, 2020, Schaeffer's counsel via email advised that Schaeffer would not consent to the anticipated Second Amended Complaint.

## ARGUMENT

Rule 15(a) of the Federal Rules of Civil Procedure provides that the "court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The "liberality in granting leave to amend applies to requests to amend a complaint to add new parties." *Brown v. Kelly*, 244 F.R.D. 222, 227 (S.D.N.Y. 2007), *aff'd in part, vacated in part on other grounds*, 609 F.3d 467 (2d Cir. 2010). In interpreting Rule 15(a), the Second Circuit has explained that "district courts should not deny leave unless there is a substantial reason to

do so, such as excessive delay, prejudice to the opposing party, or futility." *Friedl v. City of New York*, 210 F.3d 79, 87 (2d Cir. 2000); *see also Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993) ("The rule in this Circuit has been to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith."). Because it will promote the interests of justice and given the lack of undue prejudice to the current defendants of adding these new parties and related allegations, allowing amendment of the complaint is entirely in keeping with the liberal amendment policies of the Federal Rules of Civil Procedure as interpreted by the Second Circuit.

    **I.**    **Allowing amendment will serve the interests of justice by allowing Plaintiff to pursue relief based on new facts learned in discovery.**

As this Court has explained, there is a well-established "presumption in favor of granting leave" to amend under Rule 15(a). *See Sigmund v. Martinez*, No. 06 CIV. 1043 RWS MHD, 2006 WL 2016263, at *1 (S.D.N.Y. July 13, 2006) (citing *Foman v. Davis,* 371 U.S. 178, 182 (1962)); *see also In re United Brands Co. Sec. Litig.*, No. 85 CIV. 5445 (JFK), 1990 WL 16164, at *2 (S.D.N.Y. Feb. 15, 1990) ("[T]he Court begins with the presumption that the motion should be granted unless good reason exists to deny it."). Given the presumption that granting leave favors the interests of justice, "it is rare that such leave should be denied, especially when there has been no prior amendment." *Ricciuti v. N.Y.C. Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991). The interests of justice particularly favor granting leave in cases where plaintiffs seek to amend a complaint based on new and pertinent information gleaned during discovery.

For example, in *Friedl*, the Second Circuit reversed the district court's denial of the plaintiff's motion to amend the complaint to drop one defendant, "identify some current defendants by name," and include an additional defendant. 210 F.3d at 87–88. It noted that the

amendment was "based on information acquired during depositions and other discovery" and defendants had made "no showing of either undue delay, given that the amendment was proposed only after discovery revealed additional relevant facts, or prejudice to the defendants, given the minimal extent of the proposed changes." *Id.* Given these facts, the court instructed the district court to allow amendment on remand. *Id.* at 88.

Courts in this District have repeatedly followed this same principle, granting leave to amend where the movant has uncovered new evidence through discovery and acted on that information without undue delay. For instance, in *S.E.C. v. DCI Telecommunications, Inc.*, 207 F.R.D. 32, 33–34 (S.D.N.Y. 2002), the court granted the plaintiff's motion to amend to add new facts learned approximately three months prior in discovery. Even when a plaintiff learn new information many months or even years into a proceeding, this Court has allowed amendment based on new evidence uncovered during discovery. *See, e.g.*, *Soroof Trading Dev. Co. v. GE Microgen, Inc.*, 283 F.R.D. 142, 149 (S.D.N.Y. 2012) (allowing amendment one year and seven months after initial deadline for amendment where amendment was based on new facts learned during discovery and plaintiff added no new claims for relief); *Am. Med. Ass'n v. United Healthcare Corp.*, No. 00CIV2800LMM, 2006 WL 3833440, at *4 (S.D.N.Y. Dec. 29, 2006) (allowing amendment of complaint two-and-a-half years after the previous complaint to add new claims because "the basis for Plaintiffs' Proposed Amendments was formed, at least in part, during . . . discovery").

Like all of these cases, Argentum here seeks leave to amend based on material new information learned during discovery and do so with more haste and less time into the case than many other cases in which the court has granted leave. *See, e.g.*, *DCI Telecommunications*, 207 F.R.D. at 33–34; *Soroof Trading Dev. Co.*, 283 F.R.D. at 149; *Am. Med. Ass'n*, 2006 WL

6

3833440, at *4.

On February 24, 2020, Advantage Futures finally provided thousands of pages in additional documents in response to Argentum's subpoena that was served in December 2019, that included certain daily trading statements necessary analyze Schaeffer's and Schaeffer Holding's Natural Gas Futures trading activities.

Without these records it would not have been possible to assess the identity and trading patterns including the prohibited use of the Argentum Application that was being employed by either Schaeffer and Schaeffer Holdings. Now that has been done and it is clear that both are utilizing the Argentum Application and have earned approximately a million dollars doing so.

Most importantly, the trading records demonstrate that Schaeffer and Schaeffer Holdings have systematically employed "basis swaps" trading of the first delivery month (prompt month) during the last five trading days of the month within which these basis swaps expire – a significant identifier of the Argentum Application.

Discovery, which does not yet include any deposition testimony, has thus far also revealed that days after being terminated from Argentum in July 2018, Schaeffer formed a New Jersey Limited Liability Company called "B.P. Schaeffer Holdings LLC" and opened an account with Advantage Futures to replicate the Natural Gas Futures Bidweek trading using the Argentum Application and other proprietary material.

Beginning in or about July 2018 and continuing to date with no indication of abatement in any manner, Schaffer has individually and or through Schaffer Holdings employed and utilized the Argentum Application and other Argentum proprietary information in trading Natural Gas Futures during Bidweek. Given these new revelations, allowing amendment to add these new defendants will ensure that the proper parties are before the Court and Plaintiffs are able to learn the full scope of the process at the heart of this case.

The Argentum Application utilizes time sensitive piece-wise linear dependencies to identify trading cusps and mean reversion analysis of increases against decreases and reduces the risk of certain trades via delta hedging. The trading records produced by Advantage Futures clearly indicate that Schaeffer and Schaeffer Holdings have been using this methodology prior to which about Argentum lacked any substantive evidentiary information based upon Schaeffer's own failure to produce the very same records thereby creating the necessity for Argentum to obtain the information from a third party. The two additional cause of action against Schaeffer and Schaeffer Holdings are based upon the facts learned in discovery are for misappropriation of trade secrets (*see* Prop. Sec. Am. Compl. ¶¶ 96–101) and misappropriation of skills and expenditures (*see* Prop. Sec. Am. Compl. ¶¶102-108).

As stated in *iSentium, LLC v. Bloomberg Fin. L.P.,* 17-cv-7601 (PKC), at *5 (S.D.N.Y. Nov. 16, 2018) "The requirements for showing a misappropriation of a trade secret are similar under state and federal law." *Free Country*, 235 F. Supp. 3d at 565 (discussing DTSA and New York law). Under New York law, "[t]o prevail on a claim for misappropriation of trade secrets, a plaintiff must demonstrate: (1) that it possessed a trade secret, and (2) that the defendants used that trade secret in breach of an agreement, confidential relationship or duty, or as a result of discovery by improper means. A trade secret is any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *Schroeder v. Pinterest Inc.*, 133 A.D.3d 12, 27 (1st Dep't 2015) (quotation marks and internal citation omitted).

*Linkco, Inc. v. Fujitsu Ltd.*, 230 F. Supp. 2d 492, 500 (S.D.N.Y. 2002) likewise stated "[t]he central principle underlying a claim for unfair competition under New York law is that

8

one may not misappropriate the results of the labor, skill, and expenditures of another. See *Saratoga Vichy Spring Co., Inc. v. Lehman*, 625 F.2d 1037, 1044 (2d Cir. 1980). An unfair competition claim must also involve some degree of bad faith. *Id*." All of these elements are alleged in the Proposed Second Amended Complaint and supported by facts that emerged from the analysis of the documents produced by Advantage Futures.

Adding Schaeffer Holdings will also help ensure that Plaintiff can take the proper discovery to cement its evidence about Schaeffer and Schaeffer Holdings prohibited and improper use, exploitation and profit from Argentum's proprietary information, including the Argentum Application.

Finally, allowing Argentum to amend the complaint to add Schaeffer Holdings and the "Doe" defendants and two additional related causes of action will also serve the interests of justice by allowing the Court to consider the impact all of the facts and circumstances and applicable law in this controversy.

## II.   **Allowing amendment will not unduly prejudice Defendants.**

Although a court may deny leave to amend if the defendant can make a sufficient showing of prejudice, "prejudice alone is insufficient to justify a denial of leave to amend; rather, the necessary showing is *"undue* prejudice to the opposing party.'" *A.V. by Versace, Inc. v. Gianni Versace S.p.A.*, 87 F. Supp. 2d 281, 299 (S.D.N.Y. 2000) (quoting *Foman,* 371 U.S. at 182 (emphasis added in *A.V. by Versace*)). When considering whether the defendant has met that burden, the court considers whether the amendment would: "(i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." *Block*, 988 F.2d at 350. Mere "[a]llegations that an

amendment will require the expenditure of additional time, effort, or money do not constitute 'undue prejudice.'" *A.V. by Versace,* 87 F. Supp. 2d at 299. Similarly, the opposing party's "burden of undertaking discovery, standing alone, does not suffice to warrant denial of a motion to amend a pleading." *U.S. for & on Behalf of Mar. Admin. v. Cont'l Illinois Nat. Bank & Tr. Co. of Chicago*, 889 F.2d 1248, 1255 (2d Cir. 1989). Here, Defendant cannot show undue prejudice because they meet none of the relevant factors.

First, given that Schaeffer Holdings is a likely alter ego of Schaeffer granting amendment likely will not result in any significantly increased burden. This is especially true given that the claims against the Schaeffer Holdings are largely the same as the existing ones against Schaeffer and arise out of the same series of events. Similarly, the two new causes of action are not making any new arguments or factual claims, and any additional discovery Defendants choose to conduct regarding them will require only a marginal effort on their part-- especially as they have yet to conduct depositions.

Second, Argentum sees no reason that amendment of the complaint would delay resolution of this dispute. In seeking amendment, Argentum is not requesting any delay of deadlines ordered by the Court—nor should any delay be necessary. Assuming Defendants do not continue to obstruct the type of discovery already allowed by the Court, Argentum can conduct the necessary discovery in advance of the current discovery deadline.

Therefore, because Defendants cannot make the significant showing of undue burden required, the Court should reject any such argument against allowing amendment.

## **CONCLUSION**

Because allowing amendment of the complaint based largely on new information learned during discovery serves the interests of justice and will not result in any undue

prejudice to Defendants or delay to the proceedings, Argentum respectfully request that the Court grant leave to amend.

Dated: June 11, 2020

                                              Respectfully submitted,

                                              *Paul F. Condzal*
                                              _____
                                              Paul F. Condzal
                                              Attorney for Argentum Risk Partners LLC
                                              Office & P.O. Address
                                              1330 Avenue of the Americas, 23rd Floor
                                              New York, New York 10019
                                              (212) 688-3637
                                              paul@condzal-law.com

**Paul F. Condzal**
Attorney for Plaintiff
Office & P.O. Address
**1330 Avenue of the Americas, 23rd Floor**
**New York, New York 10019**
**(212) 688-3637**
paul@condzal-law.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
ARGENTUM RISK PARTNERS LLC,                Civ. Action No. 19-cv-01622  (OTW)


                                               Plaintiff,

            -against-


BRAD SCHAEFFER,
                                    Defendant.
-------------------------------------------------------------X

### DECLARATION OF PAUL F. CONDZAL IN SUPPORT OF ARGENTUM RISK PARTNERS LLC's MOTION TO FILE A SECOND AMENDED COMPLAINT

PAUL F. CONDZAL, declares and states as follows:

1. That I am attorney duly admitted to the practice of law in the state of New York and the Southern District of New York, with offices located at 1330 Avenue of the Americas, 23rd Floor, New York, New York 10019.

2. Annexed hereto as Exhibit "A" is a copy of Plaintiff's Proposed Second Amended Complaint.

3. Annexed hereto as Exhibit "B" is a red-lined copy of Plaintiff's Proposed Second Amended Complaint.

4. I declare under penalty of perjury that the foregoing is true to the best of my knowledge, information and belief.

Dated: New York, New York
       June 11, 2020

                                Respectfully submitted,

                                *Paul F. Condzal*
                                Paul F. Condzal (PC-4976)